CENTER FOR FOOD SAFETY; Kahea, (The Hawaiian Environmental Alliance); Friends of the Earth, Inc.; Pesticide Action Network North America, Plaintiffs—Appellants,

Biotechnology Industry Organization, Intervenor—Appellee,

v.

Mike JOHANNS, Secretary, U.S. Department of Agriculture William T. Hawks, Under Secretary of Agriculture for Marketing and Regulatory Programs; Bobby R. Acord, Deputy Administrator, U.S. Department of Agriculture, Animal and Plant Health Inspection; Cindy Smith, Deputy Administrator U.S. Department of Agriculture, Animal and Plant Inspection Service, Biotechnology Regulatory Services Program, Defendants—Appellees.

No. 06–17319.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed Feb. 2, 2009.

Paul Achitoff, Esquire, Isaac H. Moriwake, Esquire, Earthjustice Legal Defense Fund, Joseph Mendelson, III, Esquire, Honolulu, HI, for Plaintiffs–Appellants.

Margery S. Bronster, Esquire, Jeannette H. Castagnetti, Bronster Hoshibata, A Law Corporation, Honolulu, HI, Marcia Fuller Durkin, Esquire, Donald C. Mc-

Lean, Esquire, Arent Fox PLLC, Washington, DC, for Intervenor–Appellee.

Thomas A. Helper, Assistant U.S., USH–Office of the U.S. Attorney, Honolulu, HI, Robert J. Lundman, Esquire, Lane McFadden, Esquire, Gregory D. Page, Esquire, Jean Michel Voltaire, Esquire, David C. Shilton, U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Plaintiffs–Appellants, the Center for Food Safety and other environmental groups, filed this action in order to compel the Department of Agriculture's Animal and Plant Health Inspection Service to comply with the provisions of environmental statutes, including the Endangered Species Act, the Plant Protection Act, and the National Environmental Policy Act. Specifically, they challenged the issuance of permits for field trials in Hawaii of certain genetically modified plants. The Biotechnology Industry Organization ("BIO") then intervened as a defendant. During the course of the litigation, BIO moved that certain information be kept under seal, and the district court granted the motion. The Plaintiffs–Appellants were ultimately successful in the litigation.

Before us is only the question of whether the district court abused its discretion

* This disposition is not appropriate for publication and is not precedent except as provided

in sealing the pinpoint locations of the field trials. The applicable standards for sealing documents are drawn from *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir.2006), and a compelling interest was required to have been shown in this case because the documents were attached to a dispositive motion, *id.* at 1179. The district court concluded, on the basis of the affidavits and the other material before it, that sealing was justified due to the risk of vandalism to the fields and the possibility that trade secrets would be stolen. We review for abuse of discretion, *id.* at 1178, and conclude there was none.

**AFFIRMED.**